# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| STEVEN D. CUMMINGS,<br><br>        Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | Case No. EDCV 17-00056-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On January 12, 2017, Plaintiff filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12). On June 7, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15-16). The parties filed a Joint Stipulation ("Joint Stip.") on December 19, 2017, setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 21).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On March 26, 2013, Plaintiff, formerly employed as a seamstress (in prison), metal cutter, day laborer (construction), cashier, truck loader (grain elevator), and concrete mixer/pourer (see AR 32-36, 326-32), filed applications for Disability Insurance Benefits and Supplemental Security Income, both alleging a disability since October 15, 2008. (See AR 270-77; but see AR 31, 48-49 [at the administrative hearing, Plaintiff alleged an amended onset date of June 1, 2011]).

On March 4, 2015, the Administrative Law Judge ["ALJ"], Jesse J. Pease, heard testimony from Plaintiff (represented by counsel) and vocational expert ("VE") Corinne Porter. (See AR 30-49). On May 8, 2015, the ALJ issued a decision denying Plaintiff's applications. (See AR 11-22). Applying the five-step sequential process, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since October 15, 2008, the alleged onset date. (AR 13). At step two, the ALJ determined that Plaintiff had the following severe impairments:

"a history of thyroid cancer, chronic liver disease secondary to hepatitis, hypertension, degenerative changes of the left knee, hepatitis B and C, a history of hypothyroidism, status post thyroidectomy, depression, anxiety, and posttraumatic stress disorder" (AR 13). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listings enumerated in the regulations (AR 14-15).

The ALJ then determined that Plaintiff had the residual functional capacity ("RFC")[2] to perform a full range of medium work[3] with the following limitations: can lift and/or carry 25 pounds frequently and 50 pounds occasionally; can sit for 6 hours out of 8-hour workday; can stand and/or walk for 6 hours out of an 8-hour workday; can frequently do all postural activities but no climbing of ladders, ropes or scaffolds; cannot be exposed to hazardous machinery and unprotected heights; limited to simple and routine tasks and no work requiring hypervigilance or the safety of others; and needs to work in a non-public environment with only non-intense interaction with co-workers and supervisors. (AR 15-20). At step four, the ALJ determined that Plaintiff was not able to perform any past relevant work (AR 20). Relying on the testimony of the VE, the ALJ found, at step five, that Plaintiff could perform jobs existing in significant numbers in the

---

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

national economy. (AR 20-21). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Social Security Act, from October 15, 2008, through the date of the decision. (AR 21).

The Appeals Council denied Plaintiff's request for review on November 8, 2016. (See AR 1-5, 7). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. 42 U.S.C. §§ 405(g), 1383©.

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).
//
//
//

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to properly evaluate the opinion of consultative psychiatric examiner, Dr. Lorca. (See Joint Stip. at 4-10).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's claim of error warrants a remand for further consideration.

**A. The ALJ Failed to Consider The Opinion of Examining Psychiatrist, Jeryl Lorca, M.D.**

Plaintiff asserts that the ALJ failed to provide any reasons, or even specific and legitimate reasons, for rejecting the opinion of examining psychiatrist, Dr. Lorca, concerning certain moderate limitations. (See Joint Stip. at 4-10). Defendant asserts that the ALJ properly interpreted the opinion of Dr. Lorca. (See Joint Stip. at 10-15).

An ALJ must take into account all medical opinions of record. 20 C.F.R. §§ 404.1527(b), 416.927(b). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

If a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Lester v. Chater, 81 F.3d at 830-31. If the treating or examining doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester v. Chater, supra.

On October 29, 2013, Jeriel Lorca, M.D., a pschiatrist at Pelican Medical Group, prepared a report following a comprehensive psychiatric evaluation of Plaintiff. (See AR 665-71). Based on Plaintiff's complaints and statements concerning his present illness, past psychiatric history, medications, family psychiatric history, past medical history, social history, education history, habits, legal history, employment history and activities of daily living (see AR 665-67), and the results of a mental status examination (see AR 667-69), Dr. Lorca diagnosed Plaintiff, inter alia, with post-traumatic stress disorder, and assessed a current Global Assessment Functioning Score of 50. Dr. Lorca opined that Plaintiff had the following psychiatric limitations: Plaintiff is mildly limited in his abilities to perform simple and repetitive tasks, to maintain regular attendance, to perform work activities on a consistent basis, and to accept instructions from supervisors; Plaintiff is moderately limited in his abilities to perform detailed and complex tasks, to perform work activities without additional or special supervision, to complete a normal workday or work week without interruptions resulting from any psychiatric conditions, and to deal with the usual stresses encountered in competitive work; and

Plaintiff is markedly limited in his ability to interact with co-workers and the public. (AR 669-70).

After summarizing the mental examination component of Dr. Lorca's report (see AR 18), and after stating that "[a]s for the opinion evidence, in determining the claimant's residual functional capacity, no single assessment has been completely adopted as the residual functional capacity determined herein" (AR 18), the ALJ addressed Dr. Lorca's opinion as follows:

> The undersigned has considered and gives great weight to Dr. Lorca who opined mild and moderate limitations (Exhibit 11F). This was based on an in-person exam, well-supported by objective, medically acceptable clinical and laboratory diagnostic techniques, the assessment is complete, specific facts are cited upon which the conclusion is based, and is largely consistent with the record as a whole. Therefore, it is given great weight.

(AR 19-20).

Although the ALJ claimed to give "great weight" to Dr. Lorca's opinion, the ALJ appears not to have taken Dr. Lorca's opinion -- that Plaintiff is moderately limited in his abilities to perform work activities without additional or special supervision, to complete a normal workday or work week without interruptions resulting from any psychiatric conditions, and to deal with the usual stresses encountered in competitive work -- into account when determining Plaintiff's RFC.

(See AR 15-20). See Richardson v. Colvin, 2016 WL 4487823, *5 (C.D. Cal. Aug. 23, 2016)(ALJ erred in accepting an examining physician's opinion that the claimant had a moderate limitation in the ability to respond appropriately to usual work situations and changes in a routine work setting but not incorporating that limitation into the RFC); Gentry v. Colvin, 2013 WL 6185170, *14-*16 (E.D. Cal. Nov. 26, 2013)(ALJ erred in crediting an examining physician's opinion that the claimant had a moderate limitation in the ability to interact appropriately with co-workers and supervisors but failing to include such limitation in the RFC or in a hypothetical question to the vocational expert).

Defendant correctly points out that the ALJ accepted Dr. Lorca's opinion that Plaintiff was mildly limited in his abilities to perform simple and routine tasks, to accept instructions from supervisors, and to interact with co-workers and the public. (See Joint Stip. at 13). However, contrary to Defendant's assertion (see Joint Stip. at 13), Dr. Lorca did, in fact, opine that Plaintiff needed additional or special supervision. (See AR 670 [Dr. Lorca stated that Plaintiff was moderately limited in his ability to "[p]erform work activities without additional or special supervision"]).

Defendant's reliance on Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008) (see Joint Stip. at 12-13) is unfounded. In Stubbs-Danielson, the Ninth Circuit found that the ALJ did not err because the ALJ's assessment of the claimant adequately captured certain restrictions where the assessment was consistent with restrictions identified in the medical testimony. Id. at 1174 ("The ALJ translated Stubbs-Danielson's condition, including the pace and mental limitations,

8

into the only concrete restrictions available to him -- Dr. Eather's recommended restriction to 'simple tasks.'"). In contrast, here, the ALJ did not attempt to translate three of the moderate limitations found by Dr. Lorca (performing work activities without additional or special supervision, completing a normal workday or work week without interruptions resulting from any psychiatric conditions, and dealing with the usual stresses encountered in competitive work) into Plaintiff's RFC.

Moreover, Defendant's attempt to support the ALJ's RFC determination based on the opinion of the State agency review physician, L.O. Mallare, M.D. -- (see AR 20 ["The undersigned has considered and gives great weight to psychiatric State agency review physicians who opined moderate limitations (Exhibits 6A, p. 8; and 7A, p. 8). In the present instance, the State Agency consultants' access to and review of the entire medical evidence render their opinions both current and comprehensive."]), see Joint Stip. at 14, -- fails. First, it appears, based on the ALJ's citations, that the ALJ was referring to Dr. Mallare's findings in the section concerning "B" criteria of the Listings that Plaintiff had moderate difficulties in maintaining social functioning and in difficulties in maintaining concentration, persistence or pace (see AR 110, 127), and not to the moderate limitations found by Dr. Mallare in his mental residual functional capacity assessment. Second, the ALJ only mentioned Dr. Mallare's opinion regarding moderate limitations. The moderate limitations found by Dr. Mallare in his assessment (and to which the ALJ arguably gave great weight) -- specifically, Plaintiff is moderately limited in his

abilities to understand and remember detailed instructions; to carry out detailed instructions; to maintain attention and concentration for extended periods; to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; to respond appropriately to changes in the work setting; to be aware of normal hazards and take appropriate precautions (see AR 115-16) -- are consistent with and/or do not contradict Dr. Lorca's opinion about Plaintiff's moderate limitations in his abilities to perform work activities without additional or special supervision, to complete a normal workday or work week without interruptions resulting from any psychiatric conditions, and to deal with the usual stresses encountered in competitive work.

Here, the ALJ did not provide any reasons, much less "specific and legitimate" reasons or "clear and convincing" reasons, for rejecting Dr. Lorca's opinion regarding Plaintiff's moderate limitations in performing work activities without additional or special supervision, in completing a normal workday or work week without interruptions resulting from any psychiatric conditions, and in dealing with the usual stresses encountered in competitive work in determining Plaintiff's RFC.

//
//
//

**B. Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, 211 F.3d at 1179-81.

A remand is appropriate where, as here, the ALJ finds a physician's opinion credible but then fails to include or address material aspects of that opinion in the RFC determination. See Bagby v. Commissioner, 606 Fed. Appx, 888, 890 (9th Cir. 2015). Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 9, 2018

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE